CASE 59—EQUITY—JUNE 13, 1882.

# Williams, Receiver, &c., v. Thompson, &c.

APPEAL FROM CLARK CIRCUIT COURT.

1. Although it was bad faith to demand a dismissal of the appeal by the administrator in violation of an alleged agreement, still, if an order of revivor had been agreed upon, the record should have been corrected in the circuit court and certified to this court on the former appeal, before its submission on the motion to dismiss it.

2. Where it is suggested that the record is defective by reason of a cleri-cal misprision, time will be given by this court to have it corrected.. Thus, a sufficient remedy is given to have the record corrected.

3. Appellant permitted almost three years to expire before he discovered. that the record was imperfect. It was too late.

B. F. BUCKNER AND CHARLES EGINTON FOR APPELLANT.

1. The revivor was agreed upon, and the failure to enter it was a mis-prision which may and ought to be corrected. The power of amend-ment is of the greatest antiquity.

2. A judgment in a matter of fact may be amended, where it is the mis-take of the clerk.

3. A more manifest fraud cannot be imagined than for appellee to deny an agreement of his counsel on the scope of his authority made with. his adversary. (Bacon's Ab., title Amendments, 168; 3 Term Rep.,, 349; 2 Vin. Ab., 309; Burrows Short v. Coffin Burrow, 2730; 2 P. Williams, 427; Ib., 646; Tidd's Prac., vol. 2, 769; 8 Mod., 49; Story on Eq. Pl., sec. 403.)

G. B. NELSON, W. M. BECKNER, B. J. PETERS, AND JOHN B.. HUSTON FOR APPELLEE.

The obvious attempt is made in this case to annul by a judgment of the circuit court the order of this court dismissing a former appeal. It was appellants' duty to prosecute their appeal in the proper way, and see that a true record was filed. An error, if corrected at all, must be corrected by original proceedings. (Hanna v: Spotts, 5 Mon., 367;. Bac. Ab., title Amendment; Speed v. Hare; 1 Mon., 16; Gentry v.. Hutchcraft, 7 Ib., 242; Story on Eq. Pl., secs. 426, 428; 3 J. J. Mar.,. 536; Anderson v. Anderson, 18 B. Mon., 98; Ib., 774; Hocker v. Gentry, 3 Met., 463; McManama v. Garnett,. Ib., 517; 3 Met., 539;. 11 Bush, 210; 1 Barb., 486.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action by the appellant to vacate a judgment against him and for a new trial. The petition states in sub-stance that Thompson was liable for a large sum as Poston's, surety, and that they agreed, in contemplation of Poston's. insolvency, and with the design to prefer Thompson in ex-clusion of other creditors, that Thompson should buy a lot: of mules from Poynter, the son-in-law of Poston, and exe-cute his note for them, and Poston was then to procure the assignment of the note from Poynter, in order that Thomp--

son might set off against it the sum he might be compelled to pay for Poston as his surety; that this agreement was carried out, and shortly afterwards Poston became insolvent, and made an assignment for the benefit of his creditors; that Hanson and wife brought an action against Poston, &c., under the act of 1856, and that the appellant was appointed receiver therein of Poston's estate, and the note for $5,440, executed by Thompson to Poynter, and assigned by the latter to Poston, came to his hands, and that he instituted suit on it by cross-petition in that action against Thompson, who died pending the action, and that, by agreement of counsel for appellant and Thompson, it was revived by consent against his administrator; that the cause was heard on the cross-petition, and it was dismissed, from which the appellant appealed, and the administrator, in violation of the consent to revive the case, which, by mistake, was not entered of record, appeared in the Court of Appeals, and fraudulently caused the appeal to be dismissed, on the ground that the action had not been revived against him.

To this petition a demurrer was filed and sustained, and from that judgment this appeal is prosecuted.

It is not necessary to decide upon the validity of the cause of action, as we are of the opinion that the grounds relied on to vacate the judgment are insufficient. (See sec. 522, Civil Code.)

While it was bad faith to demand a dismissal of the appeal by the administrator in violation of the alleged agreement, still, if an order of revivor had been consented to, the record should have been corrected and certified to this court on the former appeal, before its submission on the motion to dismiss it.

It appears from this record that when the appellee made the motion to dismiss the former appeal, the appellant obtained a continuance on the affidavit of his attorney showing that the order of revivor, by mistake, had not been entered of record, and according to the case of Speed v. Hann, this was the proper mode of procedure. In that case it was held that a clerical misprision in entering a judgment is amendable by the court of original jurisdiction after a writ of error had been sued out, and affirmed the judgment after the record was corrected. (1st T. B. Mon., 18, 19.)

It was said in the case of Gentry v. Hutchcraft, 7th T. B. Mon., 244, in reference to Craig v. Horine, 1st Bibb, that "the court, after maturely deliberating on the consequences which might follow from any rule which might be adopted, came to the determination that the absence of the exhibits might be supplied, but that it must be done by application to the court that tried the cause." And it was held that, as lost exhibits might thus be supplied, that "the defect in the record occasioned by the loss of process may also be supplied and corrected in the same way."

It therefore seems that hitherto the practice in this court has been, that when it is suggested that the record is defective by reason of a clerical misprision, time will be given by this court to have it corrected and brought up by *certiorari*, and we are satisfied that a sufficient remedy is afforded the parties by this rule, which also protects them against unnecessary delays.

In this case the appellant allowed almost three years to pass by before he took the original appeal, or looked into the record sufficiently to discover that the order of revivor had not been entered according to the agreement, and that, after obtaining a continuance, apparently for the purpose of

supplying the record, he fails to allege that he made any effort to do so, or had any reason for such failure. The proceedings in this case vindicate the rule laid down in the authorities cited, which, in our opinion, are conclusive of the question under consideration.

Wherefore, the judgment sustaining the demurrer is affirmed.

To a petition for rehearing—

JUDGE HARGIS DELIVERED THE FOLLOWING RESPONSE:

According to the record, when this court dismissed the appeal there appeared to have been no revivor, and in the absence of the revivor, of course the judgment was void; but the record now before us shows that there was a revivor, which, by mistake or oversight, had not been entered; hence, if the appellants' allegations be true, and they must be so treated on demurrer, the judgment is not in fact void, and the only question which still presents itself is, has the appellant been guilty of such laches in failing to have the record amended on the former appeal as bars him.

The suggestion in the petition for rehearing that this court dismissed the appeal before a term of the Clark circuit court was held at which the record could have been amended, is not availing, as these facts ought to have been alleged in appellants' petition, so the court below could have determined their sufficiency as an excuse for appellants' apparent and unexplained delay.

Petition overruled.