CASE 69—DISTRESS FOR RENT—MAY 12.

# Smith, Etc. v. Scanlan.

APPEAL FROM CHANCERY DIVISION OF JEFFERSON CIRCUIT COURT.

LANDLORD AND TENANT—LIABILITY FOR RENT OF PURCHASER OF LEASEHOLD.—The holder of a lease for ten years sublet the premises for eight years with an option for the other two, and then assigned his leasehold to his wife with the fraudulent purpose of defeating his creditors. A creditor of the lessee caused an execution to be levied on the lessee's interest and the sub-tenant became the purchaser. The lessee caused a distress warrant to be issued against the sub-tenant for rent which the latter enjoined. It is held:

1. That the sub-tenant could buy his landlord's leasehold at execution sale and did not thereby become liable to him for rent.

2. The fraudulent assignment of the leasehold to the lessee's wife did not prevent his creditor from levying on and selling his interest under the execution, nor

3. Did the contract between the lessee and the sub-tenant prevent the former's interest from being sold under execution.

LANE & BURNETT FOR THE APPELLANTS.

The sub-tenant, Scanlan, being liable for Smith and wife for rent at the time of the purchase of the leasehold by him under

execution his purchase enured to the benefit of Smith and wife and he became liable to them for rent. Taylor, Landlord & Tenant, secs. 124, 180, 705-6.

JOHN ROBERTS AND WILLIAM FURLONG FOR APPELLEES.

1. The evidence not being in the record is presumed to sustain the judgment of the court below. Terrell v. Rowland, 86 Ky., 756; Huffaker v. National Bank of Monticello, 13 Bush, 649; Bowman v. Holloway, 14 Bush, 428.
2. A tenant has the right to purchase at public sale the interest of his landlord and the relation of landlord and tenant is not that of trust nor is it the subject of equitable cognizance. Genl. St., ch. 63, sec. 16; McMurtry v. Adams, 3 Bush, 70.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant W. C. Smith leased of John Caperton and wife for ten years from January 1, 1880, a lot of ground on Ninth street in Louisville, Ky. He then sublet the property to appellee, Jerry Scanlan, for a term ending in the year 1888, with the option to continue the lease two years longer. After this, on March 15, 1887, he assigned his leasehold to his wife, the appellant M. S. Smith, as is alleged, without consideration when he was insolvent, and for the purpose of defeating his creditors. In July following, Ainslie, Cochran & Co. caused an execution in their favor against W. C. Smith to be levied on his leasehold estate in this property, and had it sold on August 1st, under the levy. Appellee, Jerry Scanlan, became the purchaser. Some time after this appellants set up a claim against appellee for rent, on the ground, among others, that, being in possession as tenant, his purchase under the execution inured to the benefit of the landlord. The court below having decided against them, and enjoined them from attempting to collect rent from appellee, they have prosecuted this appeal.

The evidence heard by the court below is not in the record, and it must be presumed that the chancellor's findings of fact are correct. This leaves in the case only the

naked question of law as to the effect of appellee's purchase.

In selling and conveying property under execution, the sheriff acts as the agent of the defendant. Rorer on Judicial Sales, sections 54-56. At such a sale the tenant in possession may buy to protect himself, and his purchase will no more inure to the benefit of the landlord than if he had bought from the landlord himself in person.

In Taylor on Landlord and Tenant, after stating some exceptions to the rule that a tenant can not deny his landlord's title, the author adds:

"And a tenant may acquire and set up a title consistent with that admitted by the demise; as, if he purchase the premises at a tax sale made during his term.'

And in a note to this he adds:

"So, if he buy in the whole or a part of the lessor's title at a tax or execution sale, or by private purchase, it is a proportionate defense to suit for rent or ejectment. Nellis v. Lathrop, 22 Wend., 121; [24 Am. Dec., 285]; Evertson v. Sawyer, 2 Wend., 507; Bettison v. Budd, 17 Ark., 546; [65 Am. Dec., 442]; Camley v. Stanfield, 10 Tex., 546; Elliott v. Smith, 23 Pa. St., 131; George v. Putney, 4 Cush., 351."

The contract between W. C. Smith and appellee, as set out in the record, did not divest Smith of the title to his leasehold in the property; nor did it constitute any obstacle to the subjection of that estate to Smith's debt under the execution. The purchaser, so far as appears from the record, took the property under his purchase, acquiring all the rights that Smith had.

The fraudulent conveyance to the wife was no obstacle to the subjection of the property under execution against the husband. Daniel v. McHenry, 4 Bush, 277, and cases cited. Judgment affirmed.