## Root, et al. v. Townsend, et al.

(Decided November 14, 1919.)

## Appeal from Powell Circuit Court.

1. Deeds—Grantee May Fill in Names If He Has Authority.—Upon the execution and delivery of a sealed instrument, complete in all respects, save that the name of the grantee is not filled in, the grantee may insert his name in the blank space, provided he has authority from the grantor so to do.

2. Deeds—Parol Authority to Fill in Blank Spaces.—Authority to fill blank spaces in a deed conveying real estate may be in parol and may be implied from the circumstances.

3. Landlord and Tenant—Parol Authority to Fill Blank Spaces.—A lessor in an instrument pertaining to real estate, signed and acknowledged with blanks for the name of the lessee and the agreed rental may authorize the intended lessee or another by parol, to fill the blank. And a court of equity will so effectuate the intention of the parties where no fraud is shown and no instructions or conditions violated.

4. Landlord and Tenant—Implied Authority to Insert Name in Instrument.—As between the lessor and an intended lessee, whose name is left blank the instrument is valid, and though recorded in blank the lessee had the implied authority to insert his name and the agreed rental, and if he saw fit could re-record the instrument as thus corrected.

5. Landlord and Tenant—Recording Lease in Blank.—Where the original lessor, subsequent to the execution of a lease in which the lessee's name is not given, executes leases to others the recordation of the first lease in blank has no binding effect upon the subsequent lessees and they will not be disturbed in the enjoyment of their rights under said lease.

PENDLETON & BUSH for appellants.

BENTON & DAVIS, ATKINSON & SON and SPENDER & MOFFETT, C. F. SPENCER and J. D. ATKINSON for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Jacob Townsend and wife own about 100 acres of land in Powell county. November 30, 1915, they executed and delivered a lease on the above premises for the recited consideration of $1.00, under the terms of which the lessees were authorized to explore for oil and gas, and to remove same therefrom for a term of ten years from date, and as much longer thereafter as oil and gas were found thereon. The lease is in the usual form. Upon

failure to drill a well, during the first year, lessee was to pay an annual rental on the property until the well was drilled, this rental to be paid quarterly in advance. Though signed and acknowledged by the lessors neither the name of the lessee nor the rental provided for were inserted in the lease. This lease was recorded in the county clerk's office January 27, 1916.

September 16, 1916, said lessors leased about 25 acres of the said tract to W. T. Leach for a consideration of $12.50. This was recorded November 17, 1916.

May 4, 1917, the same lessors executed another oil and gas lease, similar to the two above stated, to R. C. Baker, on the entire tract of 100 acres, the consideration being $1.00 and the yearly rental being 50 cents per acre, payable quarterly in advance. This latter lease was recorded May 14, 1917. Shortly after the execution of the last lease Leech and Baker were put in possession of the land and proceeded with the development thereof by drilling wells on the property.

Alleging that Root, Hupp and Duff, and C. R. Dulin (lessees under the November 30, 1915, lease) were attempting, without right to enter upon the property covered by their leases, and were attempting to place certain machinery and equipment thereon for the purpose of drilling and exploring for oil and gas, Townsend and wife, and Leach and Baker instituted the present suit against the members of the firm of Root, Rupp and Duff, and C. R. Dulin asking that they be restrained and enjoined from entering upon the land or from placing any machinery thereon. This suit was filed May 26, 1917.

By an amended petition appellant, Ohio Oil Company, was made a party defendant, it being alleged that since the petition was filed Root, Hupp and Duff had sold and transferred to said company certain leasehold rights in said premises and it was asked that plaintiff's title to the oil and gas rights in said land be quieted against the claim of the several defendants, and that all be enjoined from interfering with plaintiffs' use and development of the land.

Defendants (appellants) after denying the allegation of the petition, set up the lease of November 30, 1915, alleging (1) that in said instrument Townsend and wife had leased the land to C. R. Dulin, and plaintiffs knew

Dulin was the grantee in said first named lease, though through mutual mistake of the parties neither his name nor the rental had been inserted; (2) Dulin had trans- ferred his interest to the Ohio Oil Company; (3) on November 21, 1916, and before the expiration of the first year defendants deposited to lessor's credit, in bank, the yearly rental, which payment was accepted and used by lessors, thus extending the lease until No- vember 30, 1917; (4) that before the expiration of the second year they tendered lessor the full amount of rental for the year ending November 30, 1918, which tender was refused; (5) the Dulin lease was recorded and indexed; (6) Dulin and the Ohio Oil Company were ready and willing to comply with the terms of the lease, but had been hindered by the plaintiffs from so doing and they asked that the petition be dismissed and the Ohio Oil Company be adjudged the owner of the lease.

It was further alleged that after the petition had been filed Dulin inserted both his name and the rental in the original lease, and if he was without authority to do this they asked that the lease be corrected by the insertion of the name and rental.

By amended answer it was alleged that at or about the time of the execution of the lease to Baker, Townsend and wife assigned to one Ewen, one-half of the royalties reserved in the Dulin lease, referring to the latter and the recordation thereof; and further, that Leach and Baker had actual notice of the Dulin lease long before they acquired their leases.

The lower court sustained the contention of the plaintiffs and enjoined the defendants from interfering or molesting the plaintiffs in the development of the property and to reverse said judgment this appeal has been prosecuted.

The validity of the Dulin lease is the question for our decision. The courts are not in accord as to the ef- fect to be given to a deed or other writing in which the name of the grantee is left blank, the rule in some of the states being that in case of the execution and de- livery of a sealed instrument, complete in all respects, save that the name of the grantee is not filled in, the grantee may insert his name in the blank space, provided he has authority from the grantor to do so, and further that this authority may be

in parol and may be implied from the circumstances. This is on the theory it should be the law that when the grantor receives the agreed consideration and delivers the deed on the condition thereon named, this is an implied authority to the purchaser or the person designated to insert his name as grantee.

This rule is founded upon justice, and is but the statement of a principle of common sense.

It was the unquestioned intention of lessors that Dulin's name and the rental be inserted; they well knew with whom they were dealing; the lease was duly executed and delivered, and later recorded. Nor is it denied that lessors accepted the rentals for the second year. Recognition of Dulin as the lessee is found in the assignment by the lessors to Ewen, in which there is conveyed to the latter one-half of the royalty reserved in the Dulin lease, giving the date of the latter and the book and page where recorded in the Powell county clerk's office.

Confronted with such facts as these we do not see how a court of equity could deny Dulin or those claiming under him some relief.

Subscribing to a contrary doctrine will be found some eminent authority. While upholding the validity of parol authority to fill blanks they hold that the blanks must be filled by the party authorized and before or at the time the deed is delivered to the grantee. Devlin on Deeds, 3rd ed. 456; Allen v. Withrow, 110 U. S. 130, 28 L. Ed. 91. See also Board of Education v. Hughes, 118 Minn. 404, 135 N. W. 1095, 41 L. R. A. (N. S.) 637.

Garnett v. Garnett's Lessee, 7 T. B. Mon. 545, is also cited and relied upon by appellee. In this case the court said:

"A grantee is as essential to the validity of a grant as that there should be a grantor, or a thing granted."

This is elementary. In every lease there must be a lessor, a lessee, and a thing demised. 2 Bl. 296.

Without a lessee the lease would be a nullity, but there was a lessee in the lease involved here—a lessee whose identity is certain, not a mythical person, but one recognized by the lessors and from whom they accepted rentals under the very lease in question and to which recorded lease they made reference in a subsequent instrument. True the name of this grantee was omitted in

writing the lease, but Dulin was the identical person with whom the lessors were dealing and whose name would naturally have been written in the blank space had the parties carried out the intention so plainly manifested.

The identity of the lessee (Dulin) being certain, the consideration and rentals paid and accepted, the lease having been recognized by lessors are facts so potently expressive of the evident intention of the parties, as to justify a court of equity in granting the relief sought by the grantee, authorizing him to insert his name and the agreed rental in the blanks and to sustain the validity of the lease.

A grantor or lessor in an instrument conveying or pertaining to real estate, signed and acknowledged with a blank for the name of the grantee or rental may authorize the intended grantee or another by parol, to fill the blank. And a court of equity will so effectuate the intention of the parties where no fraud is shown and no instructions or conditions violated.

This view is more consonant with reason than the cases holding to the contrary doctrine. Then, too, it accords with what we believe to be the modern tendency of the courts.

In Van Etta v. Evanson, 28 Wis. 33, 134 N. W. 251, 9 Amer. Rep. 486, we find this apt statement:

"The grounds upon which the opposite decisions proceed are well stated by Chief Justice Marshall in the United States v. Nelson & Myers, 2 Brock 64. They are grounds of the purest and most unalloyed technicality, originating in a state of things and condition of the law which have long since passed away. This truth was clearly perceived and fully appreciated by the great chief justice, whose opinion, almost from beginning to end, was a struggle against the conclusion at which he arrived. He was overborne by what was at that time considered the weight of authority. In the course of the opinion he says: 'If this question depended on those moral rules of action which in the ordinary course of things are applied by courts to human transactions, there would not be much difficulty in saying that this paper ought to have the effect which the parties, at the time of its execution, intended it should have.'" See also Montgomery v. Dresher, 90 Neb. 632, 134 N. W. 251, 38 L. R. A. (N. S.) 423; Inhabitants of South Berwick

v. Huntress, 53 Mc. 89, 87 Amer. Dec. 535; Field v. Stagg, 52 Mo. 534, 14 Amer. Rep. 435.

As between the Townsends and Dulin or his assignees, the lease in question was binding upon the parties. The grantee could fill the blank spaces at any time, and though recorded in blank, it could be re-recorded after the blanks were filled. But to be valid as to third parties the name of the grantee must be inserted before recordation.

The leases to Leach and Baker having been executed, delivered and recorded before Dulin filled the blanks they are not affected and as to them the Dulin lease had no binding effect.

The lower court properly granted the prayer of the petition enjoining and restraining appellants from interfering with appellees, R. C. Baker and W. T. Leach in any manner whatsoever in the enjoyment of their leases, but since the appellees Jacob Townsend and wife impliedly authorized appellants to fill the blanks in the lease to them said judgment and this affirmance will be without prejudice to any rights appellants may have against the appellees Jacob Townsend and Virginia Townsend growing out of the execution and delivery of the lease of November 30, 1915.

Wherefore the judgment is affirmed.