## Davis v. Davis, et al.

(Decided December 8, 1925.)

### Appeal from Breathitt Circuit Court.

1. Adverse Possession—Champerty and Maintenance—Evidence of Defendants' Adverse Possession Sufficient for Jury.—Evidence that defendants had adverse possession of land adjoining their home for 15 years, and that deed from record owner to plaintiff was champertous, held sufficient to go to jury.

2. Adverse Possession—Occupancy and Ordinary Use of Inclosed Land Under Claim of Ownership Held Sufficient to Make Hold-

ing Adverse.—Occupant of inclosed premises need not build over entire premises to make holding adverse, but it is sufficient if he occupies land owned by him and not only claims adjoining land, but actually enters thereon and uses it in a way that land adjoining a home is ordinarily used.

3.  Adverse Possession—Statement by Deceased Former Owner of Intention to Divide Lot Between Plaintiff and Defendants Held Inadmissible.—In ejectment, evidence of statement by deceased former owner, that she intended to divide lot between plaintiff and defendants, held inadmissible as not tending to disprove defense of adverse possession.

4.  Evidence—Declarations of Deceased Record Owner Not in Possession Not Admissible on Issue of Adverse Possession.—Declarations of deceased record owner not in possession claiming title to realty are not admissible on issue of adverse possession.

5.  Adverse Possession—Instruction to Find for Plaintiff if Defendants' Possession was with Permission of Record Owner Held Not Authorized by Evidence.—Evidence held insufficient to authorize instruction to find for plaintiff if defendants' possession was with record owner's permission and in recognition of her title and that of plaintiff.

E. C. HYDEN, O. H. POLLARD, JOHN D. CARROLL and JOHN S. CARROLL for appellant.

A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Polly Davis owned a lot in Jackson which fronted 90 feet on Main street and ran back 205 feet of equal width to College avenue. On August 21, 1913, she conveyed to her son, J. M. E. Davis, the one-half of the lot fronting on Main street. On June 2, 1922, J. M. E. Davis brought this action in ejectment against Ellen Davis to recover that portion of the lot conveyed to him. The children of Ellen Davis were made parties defendant and she and they defended on the ground of adverse possession with and without a title bond. The court submitted both the issues of adverse possession and champerty and the jury found for the defendants. Plaintiff appeals.

It appears that Polly Davis had two sons, appellant and D. S. Davis. About the year 1895 D. S. Davis began the construction of a house on the College avenue half of the lot and then died. Thereupon Ellen Davis, his widow, completed the house and she and her infant children moved into the premises about the year 1896 and have lived on the lot ever since. The precise conditions under which they entered do not clearly appear. There

was an attempt to show a title bond, but, as the bond was not produced and the evidence as to its execution, its terms, and the property covered thereby, was vague and indefinite, the trial court seems to have taken the view that it was not admissible. There was substantial evidence, however, that during the whole period of appellees' occupancy of the lot the entire lot originally owned by Polly Davis was surrounded by a fence; that appellees not only occupied the house on the College avenue side, but regularly used the other half of the lot for gardening purposes and claimed the entire lot; and that some three or four years before this action was brought they built another house on the Main street half of the lot.

It is insisted that appellees were never in the adverse possession of the Main street half of the lot until the second house was built, the argument being that as they were the owners of the College avenue half they could not acquire title to the other half without entering thereon and holding adversely for a period of fifteen years. Even if this position be conceded, it would seem that the conditions were entirely fulfilled. When one is occupying enclosed premises he does not have to build over the entire premises in order to make his holding adverse. It is sufficient if he occupies the land to which he has title, and not only claims the adjoining land, but actually enters thereon and regularly uses it in the way that land adjoining one's home is ordinarily used. Having this view of the case we conclude that the evidence tending to show that appellees' possession was adverse for the statutory period, and that the deed from Polly Davis to appellant was champertous, was sufficient to take the case to the jury on each of these issues.

Complaint is made of the refusal of the court to permit J. E. Blake to testify that about twelve or fifteen years before that he offered to buy the property from Polly Davis; that she said she didn't know what to do about it; that she intended for Dan Sid's folks to have half of the back lot and appellant the other half, and that she never would make him any price on the property. We do not regard the exclusion of this evidence as prejudicial error, as its only effect was to indicate a purpose on the part of Polly Davis to divide the lot between appellant and the children of her deceased son, and did not tend to disprove appellees' claim of adverse possession. If living, her statement would not have been

admissible in her own behalf, and it is equally clear that it is not admissible in behalf of appellant who claims through her.

It is also insisted that the court erred in not permitting Louisa Davis to testify that she heard Polly Davis claim the lot for many years and up to her death. Sometimes the declarations of one in possession are admissible for certain purposes, but Polly Davis though having title of record was not in possession, and her statements showing that she claimed the lot were not admissible on the issue of adverse possession by appellees.

On the whole, the evidence was not sufficient to authorize an instruction to the effect that if the possession of appellees was with the permission of Polly Davis, and in recognition of her title and that of her vendee, the jury should find for appellant.

Judgment affirmed.