### Asher, et al. v. Fordson Coal Company.

(Decided March 6, 1928.)

(Rehearing Denied, with Modification, May 8, 1928.)

## Appeal from Leslie Circuit Court.

1. Appeal and Error.—Where no objection was made to instructions submitting evidence to jury and no exception was taken to them, they will be deemed correct on appeal.

2. Appeal and Error.—A jury's verdict will not be disturbed on appeal unless palpably against the evidence.

3.  Adverse Possession.—Evidence held sufficient to warrant verdict
    against defendants in contest over title to land, where defendants
    claimed title by adverse possession.

LOW & BRYANT and MARTIN T. KELLY for appellants.

CLEON K. CALVERT for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Fordson Coal Company brought this suit. against A. J. Asher and T. J. Asher in the Leslie circuit court on October 6, 1925. It alleged in its petition that it was the owner of a large body of land in the counties of Leslie and Clay, and that the defendants, without right, had entered thereon and taken possession thereof. It prayed judgment for the land. The defendants filed answer, in which they denied the title of the plaintiff to the land, and by counterclaim alleged that they owned a large boundary of land which included a large part of the boundary claimed by the plaintiff. The allegations of the answer were controverted of record, proof was heard, and at the conclusion of the trial the jury found for the plaintiff. The defendants appeal.

The plaintiff claimed the land under a patent issued to John H. Cheever in 1871 for something over 200,000 acres of land, and they showed title from the commonwealth under this patent to the land claimed by them. The defendants did not show title from the commonwealth, but they showed these facts: Joshia Asher, about the middle of the last century, settled on a tract of land, claiming to a marked boundary which included the land in controversy. He lived there for some 30 years so claiming the land. As his children grew up, he settled them on parts of his boundary and made them deeds; they held under these deeds for a number of years, and the defendant showed title from them. One of the sons, James F. Asher, died and by his will devised a large boundary of this land to his wife and certain of his children. But there was not personal property enough to pay his debts, and in 1907 a suit was filed by some of the creditors to sell this land for the settlement of the estate. This suit progressed to a judgment for the sale of the land in October, 1907. But no sale was made then, and in February, 1909, a supplemental judgment was rendered allowing some additional debts and ordering the land sold. The sale was made and was confirmed; a

deed was made to the purchasers. The purchasers at the sale were the Thomas Andrews Company and the Mahoney-Jones Company. The defendants claimed the land so purchased under them.

The defendants showed no title from the commonwealth. Their claim rests on the adverse possession of the land by Josiah Asher and those claiming under him. The questions presented by the evidence were submitted to the jury by instructions which were not objected to and to which no exception was taken. The instructions must therefore be deemed here to be correct. No material errors in the admission or rejection of evidence are relied on. The only question presented by the record is whether the verdict is against the evidence. The rule is that a verdict will not be disturbed on appeal unless palpably against the evidence. A large mass of evidence was taken on the question of title, which under the instructions, if believed by the jury, warranted the verdict. The court is unable to say that the verdict is palpably against the evidence on the question of title acquired by adverse possession.

It is earnestly insisted that on the question of champerty the verdict is against the evidence. The question was fairly submitted to the jury by the instructions of the court. The verdict of the jury is not palpably against the evidence and cannot be disturbed here.

Judgment affirmed.