# Moore et al. v. Brandenburg.

(Decided March 28, 1930.)

GOURLEY & PARRISH for appellants.

T. B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This action between adjoining landowners involves the title to about three acres of land. The controversy revolves around the location of a division line between the farms. Frank Brandenburg filed the suit and obtained an injunction against the appellants to prevent them from building a fence on the land claimed by him. The answer presented an issue as to the title of the plaintiff, and both parties claimed to be in possession of the disputed boundary. The case was submitted to a jury, and resulted in a verdict for the plaintiff. The defendants appeal.

It is first insisted that Brandenburg's title is void, because he acquired it from William Angel, who was a tenant on the land and estopped to claim adversely against his landlord, or to attorn to a stranger. Kentucky Stats., sec. 2298; Williams v. Thompson, 80 Ky. 325; Ratcliff v. Bellfonte Iron Works, 87 Ky. 564, 10 S. W. 365, 10 Ky. Law Rep. 643. But the argument assumes facts that are not established. Appellants rely upon an anomalous document which they designate as a lease. It is a written declaration of William Angel to the effect that he had leased of the personal representatives of Sarah H. Wooley for a term of two years a described tract of land. The document bears an indorsement by the county clerk, dated March 9, 1894, to the effect that it was acknowledged by William Angel and it was left at the clerk's office. The assent of the lessors does not appear. A lease is a conveyance of an estate in realty. It divests the owner for a given time of a certain estate in the land, leaving in the owner the right of reversion at the expiration of the grant. Mullins v. Nordlow, 170 Ky. 169, 185 S. W. 825; Mattingly v. Brents, 155 Ky. 570, 159 S. W. 1157; Patchen Wilkes Stock Farm v. Walton, 166 Ky. 705, 179 S. W. 823. In every lease there must be a lessor, a lessee, and a thing demised. Without a lessor, the instrument is a nullity. Root v. Townsend, 186 Ky. 56, 215 S. W. 936. It is essential to the validity of a lease that it be signed by the grantor (Hayden v. Clark, 108 S. W. 845, 32 Ky. Law Rep. 1341), and a written declaration by one party, however solemn, has no binding effect on the other (Asher v. Johnson, 118 Ky. 705, 82 S. W. 300, 26 Ky. Law Rep. 586).

The document in question lacked an essential characteristic of a lease because of the absence of written

assent on the part of the lessors.  Garnes v. Frazier, etc. (Ky.) 118 S. W. 998.  The paper bears the  earmarks of a stroke of strategy on the part of Angel to forestall his creditors who were then seeking to subject his land.  His title papers were not recorded.  Judge Riddell made an affidavit to the effect that Angel had bought and paid for the land under a title bond and was then entitled to a conveyance which the vendor was ready, able, and willing to make.  The creditor apparently was not impressed by the declaration of Angel, if he saw it, for he proceeded against the land and caused it to be sold under a decree.  It was bid in by the plaintiff's attorney, and the master commissioner, with the court's approval, made the plaintiff a deed.  Later, in 1892, the property was reconveyed to Angel, and he continued thereafter in possession, claiming to own the land, and exercising all the rights of ownership until he sold it to Brandenburg and surrendered possession to him.  H. B. Jones Coal Co. v. Mays, 225 Ky. 365, 8 S. W. (2d) 626.  The deed to Brandenburg is dated September 3, 1915.  Angel had then been in adverse possession for more than fifteen years, and Brandenburg has been in adverse possession since that time.  The evidence was ample to take the case to the jury on the question of adverse possession and to sustain its verdict. Cornillaud v. Fisher, 228 Ky. 104, 14 S. W. (2d) 382, 383; Ball v. Loughbridge, 100 S. W. 275, 30 Ky. Law Rep. 1123; Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629; Davis v. Davis, 211 Ky. 711, 277 S. W. 1025; Frye v. McKinley, 136 Ky. 31, 123 S. W. 321.

The appellants acquired the land adjoining Brandenburg in 1921, and claim the part in controversy under a paper title and by adverse possession.  It is correctly contended by appellants that title to real estate may be acquired by a connected chain of title deducible from the commonwealth, or by adverse possession.  Payne v. Edwards, 188 Ky. 302, 221 S. W. 1073; Adams v. Adams, 194 Ky. 202, 238 S. W. 386; Martin v. White, 177 Ky. 658, 197 S. W. 1079; Russell v. McIntosh, 179 Ky. 677, 201 S. W. 33; Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004.  But the proof of paper title and adverse possession offered by appellants made merely an issue for the jury, since Brandenburg produced countervailing evidence of adverse possession by himself and his predecessors.  It was within the province of a properly instructed jury to determine from all the evidence which

party should prevail. The jury was instructed as follows:

"1. The court instructs the jury that if they believe from the evidence that the plaintiff, Frank Brandenburg, and those under whom he claims, for fifteen years or more before the 22nd day of April, 1929, had been in the actual, adverse, open, notorious and continuous possession of the land in controversy, claiming same as his own to a well marked and defined boundary, they will find for the plaintiff. Unless they so believe, they will find for the defendants.

"2. The court instructs the jury that if they believe from the evidence that the true line between the lands of the plaintiff, Frank Brandenburg, and the defendants, Moore Brothers, is the line of the fence extending from the northwest side of the graveyard westerly to the falls of the Sharp Rock Branch, they will find for the plaintiff, Frank Brandenburg.

"If they believe that the true line between the lands of the plaintiff, Brandenburg, and the defendants, Moore Brothers, is the line of fence recently built by the Moore Brothers extending from the southwest side of the graveyard westwardly to Sharp Rock Branch to two beeches, they will find for the defendants, Moore Brothers.

"3. Nine or more of the jury agreeing may make a verdict, but if less than all the jurors make a verdict, those agreeing must sign it."

The instructions were correct and succinctly submitted the issues between the parties. Griffith Lumber Co. v. Kirk, 228 Ky. 310, 14 S. W. (2d) 1075. The appellants offered no instructions, except to ask for a peremptory, and that request, as we have seen, was properly refused, in view of the conflict in the evidence. The substance of the argument for the peremptory instruction is that the title of appellee originated in a lease to Angel who was forbidden to set up a title adverse to his landlord, and the attornment to Brandenburg placed him in no better position. What has been said already illustrates the futility of that contention. Cf. Smith v. Scanlan, 106 Ky. 572, 51 S. W. 152, 21 Ky. Law Rep. 169. It is further argued that, when the court undertook to instruct the jury, it was necessary to give

the whole law of the case. The requirement of the rule is that the instructions shall be correct as far as they go, and, in the absence of a specific written request, the court is under no duty to give instructions. Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757; Deer Creek Mining Co. v. Moore et al., 200 Ky. 553, 255 S. W. 123; Baltimore & O. R. Co. v. Leach, 173 Ky. 452, 191 S. W. 310. We see no room for complaint respecting the accuracy or the adequacy of the instructions.

Finally, appellants insist that each of their several grounds for a new trial should have been sustained, but no error is specified. An appellate court does not search the record for errors, but confines the discussion to assignments argued, treating the others as waived. Brown v. Daniels, 154 Ky. 267, 157 S. W. 3; McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682; Louisville & N. R. R. Co. v. Woodford, 152 Ky. 398, 153 S. W. 722; Garvey v. Garvey, 156 Ky. 664, 161 S. W. 526; Costigan v. Kraus, 158 Ky. 818, 166 S. W. 755, Ann. Cas. 1915D, 115; Epling v. Com., 233 Ky. 407, 25 S. W. (2d) 1022.

Upon the whole case, we are convinced that the parties had a fair trial, and no reason is apparent for disturbing the result reached by the jury. Asher v. Fordson Coal Co., 224 Ky. 48, 5 S. W. (2d) 481; Le Moyne v. Neal, 168 Ky. 292, 181 S. W. 1119; Stearns Coal & Lumber Co. v. Boyatt, 168 Ky. 111, 181 S. W. 962; Lawson v. Hatfield, 145 Ky. 779, 141 S. W. 36.

The judgment is affirmed.