HENRY BICKEL COMPANY, Appellant,

v.

TEXAS GAS TRANSMISSION CORPORATION, Appellee.

Court of Appeals of Kentucky.

June 10, 1960.

Randolph A. Brown and William F. Burbank, Louisville, for appellant.

Samuel R. Wells, Peter, Heyburn & Marshall, Louisville, for appellee.

Gerald Kirven, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, amicus curiae.

CULLEN, Commissioner.

The questions in this case concern the status of a gas pipe-line easement crossing lots of a residential subdivision, as relates to the making and collection of assessments for improvement of the street on which the lots abut.

Cheri Way is a street in a residential subdivision in Jefferson County. In order to provide for improvement of the street at the cost of the abutting lots the property owners formed a public road district under KRS Chapter 184. The street was improved and assessments were levied against the abutting lots. The assessments on six of the lots (three on one side of the street and three on the other) were not paid and the improvement contractor, to whom the assessment warrants had been assigned, brought suit to enforce the assessment lien by sale of the lots.

A pipe-line easement of Texas Gas Transmission Corporation, 110 feet in width, angles across Cheri Way and the six lots in question. It crosses the entire front of Lot No. 3 and 20 feet of the front of Lot No. 2. On the other four lots it does not touch the front. On each of the lots, which are 150 feet in depth, the easement embraces the major portion of the lot area.

The original assessments were made only against the holders of the basic title to the lots. However, Texas Gas was made a party in the foreclosure action. Pending the action and at the suggestion of the trial judge the road district made new assessments in the joint names of the title holders and Texas Gas, and appropriate amended pleadings were filed to cover the new assess-

ments. The title holders made no defense and the issues are between the contractor as holder of the assessment warrants and Texas Gas.

There are two basic issues. One is whether the easement is assessable as abutting property where it crosses the lot fronts. The other is whether, upon foreclosure of the lien upon assessments made against the basic title holders, the lots shall be sold free and clear of the easement. The circuit court held that as to Lot No. 3, where the easement crosses the entire front, there should be two assessments, one against Texas Gas for 90 percent of the paving cost and the other against the title holder for 10 percent; and for default of the title holder the lot should be sold subject to the easement. As to Lot No. 2, where the easement crosses 20 feet of the 75-foot front, the holding was that there should be a similar 90 percent-10 percent division of the assessment for the 20 feet; the remaining 55 feet should be assessed only to the title holder, and for his default the entire lot should be sold subject to the easement. As to the other four lots the court held that the entire assessment should be against the title holder, and for his default the lot should be sold subject to the easement.

The contractor has appealed and Texas Gas has cross-appealed.

As concerns the question of whether the easement is assessable as abutting property where it touches on the street it is the contention of the appellant that the easement is "property" and constitutes an interest in land, and therefore is assessable under the provision of KRS 184.120 for assessments "against each owner of the property abutting upon the road improved." It is our conclusion, however, from an examination of the entire statute, that the statute intends only the assessment of *corporeal* property as to which there is the attribute of *ownership* in the sense of the right of occupancy and enjoyment. This conclusion is based on several factors. First, the benefits that the statute provides the method for obtaining are related to the principal incidents of ownership, namely, occupancy and enjoyment of the land. Second, the statute repeatedly refers to "land" and to the "owner" of property. Third, an incorporeal right such as an easement cannot be considered as "abutting" on a street.

While an easement is property in the nature of land it is an incorporeal right, separate and distinct from the right to occupy and enjoy the land itself. Lyle v. Holman, Ky., 238 S.W.2d 157. An easement is a right *distinguished from ownership*. Inter-County Rural Electric Cooperative Corporation v. Reeves, 294 Ky. 458, 171 S.W.2d 978; 17 Am.Jur., Easements, sec. 2, p. 617. It is not a normal incident of a possessory land interest. Powell, Real Property, Vol. 3, sec. 405. It is a privilege or an interest in land, Asher v. Johnson, 118 Ky. 702, 82 S.W. 300, but it is not an *estate* in land nor is it "land" itself, Powell, Real Property, Vol. 3, sec. 405; Chicago, R. I. & P. Ry. Co. v. City of Ottumwa, 112 Iowa 300, 83 N.W. 1074, 51 L.R.A. 763.

The statute provides for assessments against the "owners" of real property. Under the authorities cited above, while an easement right is property the holder of the right is not an "owner" of real property or land.

The plain fact is that the legislature has had no occasion to be concerned about making easements assessable for public improvements because in the vast majority of situations the existence of the easement does not materially affect the value of the abutting property. If in peculiar situations such as the one before us the easement does materially reduce the value of the lots a problem of spoliation may arise, but the existence of that problem is no reason alone for the courts to declare the easement assessable. Any one of a variety of conditions of use or usability may affect the value of abutting property but they enter into the assessment picture only on the question of spoliation. As a practical matter the

fact that the easement here in question runs across the front of some of the lots and across the middle of the others creates no difference in usability as between the lots. The easement clearly is not assessable where it does not touch the front of the lots and there is no reason why it should be assessable where it does touch the front, because its effect on the basic rights of ownership is no different.

It is true that in Figg v. Louisville & N. R. Co., 116 Ky. 135, 75 S.W. 269, 270, it was held that a railroad right of way easement was assessable for improvement of a street on which the right of way abutted. However, in that case the court noted that the railroad was in exclusive *possession* with its tracks of the strip of land, had been for more than 50 years and probably would be "for all time to come." The court said that the railroad was "practically the owner of the land." This confirms the view that the statutes contemplate assessment on the basis of corporeal ownership.

In the instant case the pipe-line easement gives Texas Gas the right only to install and maintain two pipe lines below the surface of the land, with necessary rights of entry. It reserves to the grantors the right to make every use of the land which will not unreasonably interfere with the maintenance of the lines, and requires the company to pay for any damages to crops, fences, land or stock caused by the company in going on the land. In installing and maintaining the lines the company is required to restore the surface of the land to its original condition. Under no stretch of the imagination could it be said that Texas Gas is "practically the owner of the land."

We hold that Texas Gas is not by virtue of its easement an "owner of property" within the meaning of KRS 184.120 and the trial court therefore erred in directing assessment of the easement.

■ The second major question is whether the sale of the lots for default of the title holders in paying the assessments

against them shall be made free and clear of the easement. The appellant maintains that the improvement assessment is against the land itself and not against any particular ownership interest; that the foreclosure proceeding is in rem and therefore upon a sale the complete fee-simple title should pass.

We think the answer to this contention is found in KRS 184.130, which provides that the assessment against each owner of property shall be a lien "on the property of such owner." It is true that this may extend the lien to all *ownership* interests, such as that of a remainderman or of a joint owner. See Duker v. Barber Asphalt Paving Co., 74 S.W. 744, 25 Ky.Law Rep. 135. However, as hereinbefore pointed out, an easement is a mere right or privilege distinguished from ownership. It is not part of the "property of such owner." Clearly, the statute imposes the lien only upon such property as could be assessed, and it follows that if an easement is not assessable property it is not subject to the lien.

■ The statute gives the assessment lien priority over all other liens except those of taxes, but an easement is not a lien. An easement is a special right of privilege carved out of ownership and existing independent thereof, whereas a lien is dependent upon and enforceable only against an ownership interest.

In those few cases in other jurisdictions where a similar question has arisen it has been held that the enforcement of a special improvement assessment does not have the effect of extinguishing an easement. Annotation, 26 A.L.R.2d 873. It also is the majority rule that a sale of land for taxes will not extinguish an easement. Annotation, 168 A.L.R. 530.

It is our conclusion that the trial court held correctly that the foreclosure sale of the lots must be made subject to the easement.

■ The appellant suggests that Texas Gas waived its right to object to the as-

sessments by failing to take any steps at the time the road district was established to question the regularity of the establishment proceedings. However, since Texas Gas was not a property owner within the meaning of the statute it had neither any occasion nor any right to question the establishment proceedings.

On the direct appeal the judgment is affirmed; on the cross-appeal the judgment is reversed with directions to enter judgment in conformity with this opinion.