## Hay v. Pierce.

(Decided October 12, 1911.)

### Appeal from Green Circuit Court.

Fences as Division Line.—Where a fence has been recognized by the parties as the division line between their lands, each holding,

claiming, cultivating and controlling the land up to the fence on his side for more than fifteen years, the fence will be treated as the division line between the parties although it may not be in fact the true line dividing the land.

W. N. FOSTER, D. T. TOWLES and ROLLIN HURT for appellant.

JEFF. HENRY, NOGGLE & GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was instituted by appellee, Pierce, against the appellant, Hay, and Tina Pierce and Ella Wallace, for the purpose of having his title quieted to three parcels of land, one containing nine, another five and another two acres. The defendants below answered, traversing the material allegations of the petition, and pleading affirmatively that they were the owners of and in the possession of the land claimed by appellee. After the case had been prepared for trial, it was submitted to the chancellor, who after adjudging that the action be dismissed as to Ella Wallace, granted substantially the relief prayed for as against J. N. Hay and Tina Pierce. From this judgment Hay and Tina Pierce prosecuted this appeal, but the appeal has been dismissed as to Tina Pierce, so that the only parties to the controversy now are the appellant, J. N. Hay, and the appellee, A. A. Pierce; and it will not be necessary to consider the evidence except in so far as it relates to the issues between them.

Passing some preliminary questions of pleading and practice that we do not consider essential to a proper disposition of the case, it may be stated at the outset that the appellee's right and title to the lands in dispute, which are the five and nine acre tracts, rests upon adverse possession, as it appears from a preponderance of the evidence that the land adjudged to appellee lies within the title papers of appellant. Taking up first the five acre tract, the contention of appellant is that it lies on the east side of and adjoining what is known as the Marble line—this line being an old and noted landmark in that portion of the country—and is embraced within the lines of his deed. The appellee does not dispute the proposition that appellant's deed calls for the Marble line at the point in controversy, or that appellant's land lies on the east side of this line: but he insists that the Marble line is located where the division fence between

his land and the land of appellee now stands and has stood for many years, and that should he be mistaken about the fence being located on the Marble line, that notwithstanding the true location of the Marble line, this fence should be treated as the division line between the lands.

This five acre tract consists of a narrow strip of land lying along the Marble line. Pascal Pierce, the father of the appellee, and through whom appellee derives title and possession, owned for many years the land at the place in controversy on the west side of the Marble line, and the land on the east side was owned by Fannie Wallace, a sister of Pascal Pierce. The weight of the evidence conduces to show that more than forty years ago Pascal Pierce erected a fence where the fence has ever since stood, enclosing all except a small portion of the five acres in dispute; and that more than fifteen years before the institution of the action a fence was erected enclosing the remainder of it, and for more than fifteen years the land so enclosed has been claimed, cultivated, used and controlled by appellee.

As to the nine acre tract, the weight of the evidence conduces to show that so much of it as is enclosed by a fence was enclosed twenty-five years or more before the suit was brought by the Pierces, through whom appellee received it; and that during all these years the fence was recognized as the division line, and the land on appellee's side of it used, cultivated and controlled by him. On the other hand, there is evidence for the appellant that the fence enclosing the five acres was put there by agreement as a matter of convenience, and so neither party could claim any adverse holding on account of it. There is also evidence that the appellant and those under whom he claims cut timber from, used, and exercised acts of ownership over the five and nine acre tracts.

We have read this record carefully, and while there is evidence to support the contention of both parties, we are convinced that a preponderance of it favors the contention of appellee, that he and those under whom he claims have been in the adverse possession of the land awarded to him by the judgment of the lower court continuously and openly for more than fifteen years before this suit was brought. We have written in more than one case that where a fence has been recognized by the parties as a division line between their lands, each hold-

ing, claiming, cultivating and controlling the land up to the fence, on his side, for more than fifteen years, that the fence will be treated as the division line between the parties although it may not in fact be upon the true line dividing their land. Grider v. Davenport, 22 Ky. Law Rep., 1455; Robards v. Rogers, 20 Ky. Law Rep., 1017.
Wherefore, the judgment is affirmed.