## Thomas Deskins and Sallie Deskins v. Williams.

(Decided November 14, 1911.)

### Appeal from Pike Circuit Court.

Land—Action to Quiet Title—Evidence.—In an action to quiet title and for damages for trespass, evidence examined and held that the conditional line between the lands had been agreed on and established between the vendor of appellee and his brother before the purchase by appellant, and that appellee is the owner and in possession of the land in dispute.

CHILDERS & CHILDERS and ROSCOE VANOVER for appellant.

J. S. CLINE, WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Prior to 1857 John H. Williams and James T. Williams, brothers, owned tracts of land adjoining each other on John's Creek, in Pike County, Kentucky. John H. Williams held his land under a patent calling for five hundred and twenty acres, and James T. Williams under

an eighty acre patent. About that time, for purposes of their own not shown in the record, but evidently to establish permanently the division line between their lands, they made a conditional line. This line began at a stone, planted by them, in Shop Hollow, the southwestern corner of their land, and ran to two chestnut oaks, a corner of the respective patents under which they held. It was a straight line. The land of John H. Williams lay north, and that of James T. Williams south, of this conditional line. After this conditional line had been agreed upon, John H. Williams, on the 21st of April, 1857, sold his land to Jackson Deskins, and in this deed the conditional line which he and his brother had established between their lands is referred to as forming part of the exterior boundary line of the land described in the deed. Deskins took possession of his land under this deed and held it for some time. By mesne conveyances the title thereto passed from him to Sallie Deskins and Thomas Deskins, the present owners. So likewise, the title to the land owned by James T. Williams which bordered on this conditional line passed by mesne conveyances from him to Robert Williams, the present owner.

Recently a dispute arose between these owners as to the conditional line between their respective farms. Robert Williams, contending that the Deskins were trespassing upon his land, brought a suit in which he sought to have his title to his property quieted and to recover damages for certain timbers cut therefrom. The title to the land was, by the answer, put in issue; and in the preparation of the case for trial much proof was taken in support of the contentions of the respective claimants. Upon a consideration of pleadings, exhibits and proof, the chancellor sustained plaintiff in his contentions, quieted his title to the land in dispute, and awarded a small sum as damages for timber taken from this land by the defendants. Being dissatisfied with this judgment, defendants appeal.

The overwhelming weight of the evidence shows that a conditional line was agreed upon and established by these brothers prior to the date upon which John H. Williams sold and conveyed his land to Deskins, appellants' remote vendor. The proof further shows that this conditional line had for one of its corners a stone, which has been identified by the witnesses and surveyors, and for its other corner two chestnut oaks, located at a corner of the old patents, under which they then held, and this

line between these two points is a straight line. It is shown that appellee and his vendors have been in the continuous possession of the land which was owned by James T. Williams when the conditional line was established from that date to the present time, claiming to the conditional line. It appears that a part of the land covered by John H. Williams' patent for five hundred and twenty acres was by this conditional line thrown over upon his brother's side thereof, and it is altogether possible that some of his brother's land fell upon his side of the line, although neither of these points are clearly developed by the evidence. But be that as it may, in agreeing upon and establishing the conditional line, John H. Williams, by that act and upon that date, put his brother in possession of all of the land lying upon the south side of the conditional line, and James T. put John H. in possession of all of the land lying on the north side of the line, and from that time on the possession of each was adverse to the other as to any land which the other had theretofore owned on his side of this established or agreed line. The proof shows beyond question that appellee and his vendors had, at the institution of this suit, been in the actual, adverse possession of this land from that date; and hence, for so much of the land in dispute as is not covered by the eighty acre patent held by James T. Williams appellee has acquired a perfect title by adverse possession

Appellant, Thomas Deskins, testified that he claims title to the property in dispute under and by virtue of the old patent for five hundred and twenty acres, owned by John H Williams, ignoring or losing sight entirely of the fact that his remote vendor, Jackson Deskins, acquired title from John H. Williams, not under the patent, but by deed, and in this deed he is restricted by the call thereof separating his land from that of James T Williams to this conditional line. He can not claim under his deed and against it, too, he is bound by the provisions of his deed and this call for the conditional line, and when this conditional line is established the exterior boundary of his land adjoining the James T. Williams land is fixed.

The proof establishing beyond all doubt that appellee was the owner of the land in dispute and in possession thereof, the chancellor correctly held that he was entitled to the relief sought.

Judgment affirmed.