## Standifer, et al. v. Combs, et al.

(Decided June 13, 1919.)

### Appeal from Perry Circuit Court.

1. Quieting Title—Possession.—To maintain an action to quiet title both title and possession must be alleged and proved.

2. Quieting Title—Division Lines.—A division line established and recognized for a considerable time by adjoining landowners may be enforced if the agreement was made and the line as agreed upon plainly marked to settle a bona fide dispute as to its true location, although not evidenced by writing; but such an agreement must not be the mere transfer of the lands owned by one party to the other, which is in contravention of the statute against frauds.

3. Quieting Title—Possession—Division Lines.—The evidence for plaintiff that in consideration of a valuable consideration paid by him to the owner of 150 acres of land an agreed division line was established between him and defendant, which gave to plaintiff the land to which he had no title or claim of ownership or possession, but which defendant owned under undisputed title from the Commonwealth did not manifest his right to either title or possession as such agreement had it been satisfactorily proved was unenforcible because clearly a purchase within the statute of frauds, and not a settlement of a bona fide dispute within the rule permitting the establishment of a division line by adjoining landowners by parol.

CHARLIE WOOTEN and H. C. EVERSOLE for appellants.

P. J. WHEELER and MILLER, WHEELER & CRAFT for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Leslie Standifer filed this action in equity to quiet his title to 150 acres of land lying on First creek, in Perry county, Kentucky, alleging both title to and possession of same as was necessary he should do to maintain the action. Section 11, Kentucky Statutes. After the case had been prepared for trial but before submission, he died intestate and the action was revived in the names of his real representatives who prosecute this appeal from a judgment dismissing the petition.

The answer of the defendants, in addition to denying both title and possession in plaintiff, alleged title and possession in themselves under and by virtue of a deed dated August 14, 1917, from Elhanon Combs, their

father, to whom the land was granted by the Commonwealth by patent dated January 11, 1860.

By reply plaintiff admitted Elhanon Combs, under his patent, had title to the land until May 1, 1894, but alleged that on that date he and Elhanon Combs "agreed and in consideration of exchange of lands and other valuable considerations paid by plaintiff to said Elhanon Combs, they made a conditional line between their lands," in which it was agreed that Elhanon Combs took all the land Leslie Standifer owned above and north of "a certain described line," and this plaintiff took the tract of land described herein and some other lands owned by Elhanon Combs;" that the division line was marked and that plaintiff then took possession of all the lands lying below and south of that line, including the land involved here, and has since then been in the continuous, peaceable, notorious, adverse possession of same to the well defined and marked division line, for more than twenty-two years prior to the institution of this suit; that he has title by adverse possession and defendants' deed from their father is champertous and void.

A traverse of the affirmative allegations of the reply completed the issues.

There is no evidence whatever of an actual adverse possession by plaintiff of any part of the land in controversy for any continuous period, but an attempt was made to prove the establishment of an agreed division line between his and Elhanon Combs' land, and this proof it is argued by his counsel is sufficient to establish both his title to and possession of the land up to the division line, including the land in controversy, under authority of Turner v. Brown, 180 Ky. 755; LeMoyne v. Hays, 145 Ky. 415; Rice v. Blair, 161 Ky. 280; Warden v. Addington, 131 Ky. 296, and Garvin v. Threlkeld, 173 Ky. 262.

These cases are but a few of many from this court wherein an agreed division line which had been established, marked and acquiesced in for a considerable length of time by the parties has been upheld, but as was pointed out in the recent case of Bordes v. Leece, 183 Ky. 146:

"The result of such an agreement must not be the mere transfer of the lands owned by one party, to the other, as this is in contravention of the statute against

frauds. The principle upon which such an agreement is upheld and enforced is, that the mere establishment of the true dividing line is not a sale or transfer of land by one party to another, and hence, not an agreement within the statute of frauds, requiring it to be in writing and signed by the parties to be bound, but, is an ascertainment and demarcation of the lands already owned by the parties and is enforced, in the interest of putting an end to controversies."

And as said in Garvin v. Threlkeld, *supra*:

"While the validity of parol agreements to settle disputed boundaries was long resisted on the ground that, in effect, they passed the title to real property without the solemnities required by the statute, it is now settled that where the dividing line is uncertain and there is a *bona fide* dispute as to its location and the parties agree on the dividing line and execute the agreement by marking the line or building a fence thereon, such an agreement is not prohibited by the statute of frauds, nor is it within the meaning of the provisions of the law that regulate the manner of conveying real estate. The reason for the rule is that the parties do not undertake to acquire and to pass the title to real estate, as must be done by written contract or conveyance. They simply by agreement fix and determine the situation and location of the thing that they already own, the purpose being simply by something agreed on to identify their several holdings and to make certain that which they regarded as uncertain."

Plaintiff utterly failed to bring his claim within the rule of these cases, because not only was the evidence in our judgment insufficient upon the question of any agreement upon a division line and its recognition as such by the parties, but there is no evidence whatever of a *bona fide* or any kind of a dispute as to the ownership of this land when it is claimed the asserted division line was agreed upon. Plaintiff neither exhibited nor claimed any title or pretense of title to any of the land now seemingly for the first time in dispute, except a denied parol purchase from Elhanon Combs, which he did not plead and which if made was clearly within the statute of frauds and unenforcible.

The only acts of ownership or possession he attempted to prove was an occasional cutting of timber on the land.

It is therefore apparent plaintiff failed to prove either title to or possession of the land, and the chancellor did not err in dismissing the petition.

Wherefore the judgment is affirmed.