## Begley v. Erasmie.

(Decided October 7, 1924.)

### Appeal from Leslie Circuit Court.

1. Witnesses—Plaintiff's Testimony as to Transaction with Deced-ent Incompetent in Suit Against Claimant Under Heirs.—Plain-tiff's testimony as to transaction with person since deceased is in-competent, in action against one claiming under his heirs and devisees.

2. Champerty and Maintenance—Conveyance of Land Adversely Held Champertous and Void.—If one was in possession of land claiming it adversely to all the world, and claiming that she had deed to it, her possession was adverse, so that subsequent con-veyance by grantor to others would be champertous and void under Ky. Stats., section 210, even though she had no deed.

3. Champerty and Maintenance—Evidence Held to Show Adverse Possession of Land Conveyed.—Evidence held to show that one in possession of land when it was conveyed to another was claim-ing under deed.

4. Appeal and Error—Finding in Equity Case Not Disturbed if Truth is Doubtful.—Finding of circuit court in equity case on facts will not be disturbed on appeal, if on whole case truth of matter is left in doubt.

5. Champerty and Maintenance—Judgment—Judgment Holding Champertous Deed Void Does Not Bar Recovery of Land by Grantors.—A judgment in action by one holding land adversely, holding another's deed champertous and void by reason of ad-verse possession of land, does not affect rights of heirs of grantor, and they may in good faith rescind and abandon champertous sale, and in their own names maintain action to recover land.

CLEON K. CALVERT, L. D. LEWIS and C. W. HOSKINS for appellant.

A. H. PATTON and LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Alice Erasmie brought this action in equity against W. G. Begley, alleging that she was the owner and in the possession of the tract of land in controversy, that the defendant Begley was setting up a claim to the land and harassing her in the peaceful possession thereof. She prayed that her title be quieted and that he be enjoined from disturbing her. The defendant by his answer alleged that he was the owner of the land and prayed that he be adjudged the owner of it and all proper relief. A pre-

liminary injunction was obtained by the plaintiff restraining the defendant from disturbing her and on final hearing the court adjudged the plaintiff the owner of the land and enjoined the defendant from disturbing her. He appeals.

The facts are these: On December 12, 1914, Daniel McDaniel, who had owned the land for many years, conveyed it to J. T. Taylor; on July 18, 1916, Taylor conveyed it to S. L. Arrington. Arrington died in February, 1918, and on August 8, 1918, Kate Arrington and others, heirs and devisees, conveyed it to appellant Begley. At the time this deed was made Alice Erasmie was in possession of the land, claiming it as her own under the following circumstances:

S. L. Arrington was a banker, living in Nash county, North Carolina. Alice Bowling was living there, now Alice Erasmie. She came to Leslie county, Kentucky, and at her request Arrington sent to Leslie county, Kentucky, $2,000.00, which was the purchase money of the tract of land, and had the deed made by McDaniel to J. T. Taylor, who also lived in Nash county, North Carolina. As soon as the purchase was made Alice Bowling (now Erasmie) moved upon the tract of land and has since either lived on it or held it by her tenants. While she was so living there Taylor, who had never had any interest in the property, and had accepted the deed simply as an accommodation, made the deed to Arrington. Appellee testifies that Arrington after this made her a deed and that after the delivery of the deed to her, at his request, she later returned the deed to him to be kept by him with her papers which he was keeping for her in a box at the bank. The deed was not found among Arrington's papers after his death. Appellee proved by her sister and her sister's husband that she had the deed and they saw it, but both of them are shown to be of bad moral character. Her testimony as to any transaction with Arrington is incompetent, as he is dead, but the fact remains that she was claiming the land under the alleged deed. Appellant Begley at one time negotiated with her for the purchase of the land and knew of her claim to it. Mr. Cleon K. Calvert was also negotiating with her for the purchase of the land from her, and he says she then claimed to have the deed; took it out of her trunk to show it to him but he did not read it.

On these facts the circuit court held the deed from the Arrington heirs to Begley to be champertous and

void and adjudged the appellee the relief sought in her petition. If the deed to Begley was champertous and void he was without color of title to the land and cannot complain of the judgment. Section 210, Kentucky Statutes, provides:

> "All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, contract or conveyance, has adverse possession shall be null and void."

It is not necessary for appellee to establish that she had a deed to the land. It is sufficient if she was in fact in possession of the land, claiming it adversely to all the world and claiming that she had a deed to it. So long as she was looking to Arrington for the title or claiming under him as his tenant, her possession was not adverse to Arrington. But if she did not in fact so claim and in fact claimed that she had a deed from Arrington and so held the land under this claim, made in good faith, her possession was adverse. Mollie Riley and her husband, Frank Riley, testify that appellee came to their house in December, 1916; that she then had with her the deed from S. L. Arrington to her for the land and showed it to them and that after this she claimed and held the land as her own. Appellee's testimony that she claimed the land and held it is confirmed by the testimony of appellant Begley and Mr. Cleon K. Calvert. Begley, in answer to the question if he had talked to her about buying this land from her before he bought it from the Arrington heirs, says: "Yes, I think there was something said between us; I talked to her about buying from her, that if it was ever for sale I would like to have a chance at it." He also says: "I heard her refer to it as her home or her farm may be." Mr. Calvert testifies as follows in answer to a question of whether he had tried to buy the land from her: "I told her if she owned that land I would give her $2,500.00 for it, and she said to me that she did own it and that she had a deed from J. T. Taylor for it; she went to a trunk and took out some papers, but I did not examine them; the name of Mr. Arrington was not mentioned."

In equity cases the rule of this court is not to disturb the finding of the circuit court on the facts, if on the whole case the truth of the matter is left in doubt.

The judgment of the circuit court is in effect a finding that appellee was in possession of the land, claiming

it adversely, when Begley bought it from the Arrington heirs, and under all the evidence, especially that of Mr. Begley and Mr. Calvert, showing that they were negotiating with her for the purchase of the land and that she then claimed it as her own, we conclude that the judgment of the circuit court should not be disturbed.

Land adversely held may always be bought for less than its value. Though appellee asked $2,500.00 for the tract, and it was apparently worth this much, the Arrington heirs sold it to Begley for $1,650.00, one-third cash and the balance to be paid when this suit was decided.

The Arrington heirs may in good faith rescind and abandon the sale to Begley and in their own names maintain an action to recover the land. Luen v. Wilson, 85 Ky. 503. Their rights to do this are in nowise affected by the judgment in this case. We only determine now that the deed to Begley is void.

It is insisted for appellant that the statute abridges the privileges of a citizen of the United States; that it deprives appellant of property legally owned by him without due process of law, in violation of the Constitution of the United States. But the court is unable to see that any right under the federal Constitution is affected. The statute has been in force for 100 years or since 1824. 1 M. & B., p. 285. The state has the same power to so provide as it has to provide that a contract for the sale of land must be in writing signed by the party to be charged or that a conveyance of land shall be ineffectual against a bona fide purchaser or creditors, unless recorded as provided by law. Ganno v. Johnson, 243 U. S. 108.

Judgment affirmed.