## Tandy v. Farmers Deposit Bank of Wheatley.

(Decided February 27, 1925.)

### Appeal from Owen Circuit Court.

1. Appeal and Error—Jury's Finding as to Location of True Boundary Relied on.—In action involving location of true boundary, in which jury had before it all the old deeds, and was familiar with the men who testified with reference to them, and in which there was no complaint of instructions or of incompetent evidence, the court of appeals will rely on jury's finding.

2. Boundaries—Facts Held to Sustain Finding as to Location of True Boundary.—Facts held to sustain finding of jury as to location of true boundary.

3. Appeal and Error—Jury's Finding Not Flagrantly Against Weight of Evidence Not Disturbed.—Finding of jury not flagrantly against weight of evidence will not be disturbed.

W. A. LEE for appellant.

J. W. CAMMACK for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This is an action in ejectment by appellee against appellant for a small tract of land, 20 by 25 feet, in the village of Wheatley, Owen county, the same being, as alleged, a part of a tract of land conveyed to appellee by Vallandingham and Gentry in June, 1899. The defendant answered asserting title of record in himself to the disputed tract of land, and in a separate paragraph relied upon adverse possession.

Defendant owns a tract of land to the west and to the northwest of the disputed tract, while plaintiff owns the house and lot on the southeast of the disputed tract. There is no doubt that the disputed tract is embraced within the boundary conveyed to appellee by its immediate vendors, and that conveyance was made in 1899; but back of that the conveyances introduced in evidence by both parties are so confusing and inaccurate in their descriptions of the land conveyed that it is difficult to ascertain from them where the true line was. There was formerly on the lot admittedly owned by appellee a store house, and back of it a warehouse, and they both have been torn away. Some of the older deeds in describing

that lot call for so many feet to the rear of the old warehouse, and there is dispute in the evidence as to its exact location.

The whole question was one of fact, and the jury had before it all the old deeds and was familiar with the men who testified with reference to them. In this state of uncertainty, there being no complaint of the instructions and no complaint of incompetent evidence, we have no alternative except to rely upon the finding of the jury.

The most convincing circumstances in the record that the jury's conclusion was right, we gather from the fact that in October, 1881, one B. Alexander became the owner of the lot now claimed by appellees, and thereafter in August, 1883, the same B. Alexander, and W. L. Alexander, his brother, became the owners of the lot now owned by appellant on the west thereof; and while the Alexanders so owned both lots B. Alexander conveyed the storehouse lot (now appellee's) to Vallandingham and Gentry, and in March, 1891, conveyed to McNeal the land now owned by appellant, and in the deed to McNeal described the eastern boundary of the same as follows:

"and on the east by the lot of Mrs. Mary Wingate and the storehouse and lot of B. Alexander & Bro."

Apparently this left the disputed boundary on the lot now owned by appellee.

The evidence on the question of adverse possession was somewhat conflicting, but on the whole was favorable to appellee. At any rate, the finding is not flagrantly against the weight of the evidence.

Judgment affirmed.