## Robertson v. Chesapeake & Ohio Railway Company.

## Morris v. Chesapeake & Ohio Railway Company.

(Decided December 8, 1925.)

### Appeals from Greenup Circuit Court.

1. Trial—Where Property Sought to be Condemned was Similarly Situated, Not Abuse of Discretion to Try Actions Together.— Where separate condemnation proceedings were instituted by railroad against two property owners, it was not an abuse of discretion to try the actions together, where property involved was similarly situated and not far apart, and physical conditions were substantially the same in both cases.

2. Eminent Domain—Where Commissioner and Two Juries Practically Agreed on Damages, Findings Based on Substantial Evidence Not Disturbed Unless Clearly Inadequate or Excessive.— In condemnation proceedings, where commissioner and two juries had practically agreed on the amount of damages, findings based on substantial evidence will not be disturbed; unless it is at once apparent that the damages awarded were so clearly inadequate or excessive as to amount to a denial of justice.

3. Adverse Possession—Claimant's Payment to Another for Trees Taken from Land Not Recognition of Latter's Title, But Only Evidence to be Considered.—That a railroad company, claiming title adversely to a strip of land, made payment to another for trees taken therefrom, did not operate as a recognition of her title, but was only evidence to be considered, and insufficient of itself to overcome clear showing of adverse title made by railroad.

JOHN T. DIEDERICH for appellants.

BROWNING & REED for appellee.

Opinion of the Court by Judge Clay—Affirming.

These are appeals from judgments rendered in separate actions of condemnations. The cases were tried together and will be considered in one opinion.

At the outset we are met by the contention that the court erred in ordering a joint trial over the objection of appellants. We have ruled, however, that, where the questions of law are the same and the tracts involved are similarly situated and not far apart, it is not an abuse of discretion to try the actions together. Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071. Here the two tracts sought to be condemned adjoin the railroad right-of-way in the town of Russell, are only a few yards apart, and, the physical conditions being substantially the same, it is not perceived how either party could have been prejudiced by having the same jury pass on the question of damages.

In the Robertson case the land condemned consists of a parcel of ground 58 feet in width and varying in length between 98 feet and 119 feet. Being situated in a ravine, the land is low and swampy, being 35 feet lower than the railroad fill on the north and 25 feet below the grade of High street to the south. It is subject to overflow and is covered by undergrowth, debris, etc. It does not lie on any public highway and it is not easily accessible. The commissioners appointed by the court to assess the damages fixed the damages at $850.00. On exceptions a jury in the county court fixed the damages at the same amount. On appeal to the circuit court the commissioners, who had been property owners in Russell for many years, testified that in their opinion the damages amounted to $850.00. There was further evidence that the half interest of Mrs. Kinman, a former joint owner, was purchased by the railroad company for $850.00. On the other hand, some ten or twelve witnesses for appellant fixed the damages at from $1,500.00 to $3,000.00

In the Morris case the land condemned is the rear part of the four lots. It is 158 feet in length, 22 feet wide at one end, and 33 4-10 feet wide at the other end, and contains .083 acres. The commissioners fixed the damages at $1,400.00. A jury in the county court awarded the same amount. On appeal to the circuit court the jury fixed the damages at $2,000.00. The witnesses for the company fixed the damages at $1,400.00. On the

other hand, about a dozen witnesses for appellant fixed the damages at from $7,000.00 to $12,000.00.

It is insisted that the finding of the jury in each case is flagrantly against the evidence. In support of this position it is argued that not only the numerical weight of the testimony is with appellants, but that the witnesses for the company were not as positive in their statements that they knew the market value of the tracts involved as were the witnesses for appellants. This may be true, but in view of the great difficulty in fixing the market value of the tracts involved, and the damage to the remainder of the tracts owned by appellants, the lack of certainty expressed by the witnesses for the company may have impressed the jury more than the more positive statements of the witnesses for appellants. After all, each is a case where the jury viewed the premises and fixed the damages on conflicting evidence. In one case the damages are the same as fixed by the commissioners and the jury in the county court. In the other case the damages are somewhat in excess of those fixed by the commissioners and the jury in the county court. Where the commissioners and two juries have practically agreed as to the amount of damages, and their findings are based on substantial evidence, we are not disposed to interfere with the verdict unless upon consideration of all the facts and circumstances it is at once apparent that the damages awarded are so clearly inadequate or unreasonably excessive as to amount to a denial of justice.

The court did not err in holding that the railroad company was the owner of the small strip of land lying immediately north of the condemned land of Mrs. Morris. It is true that there was evidence to the effect that in the year 1920 the company paid Mrs. Morris $100.00 for some trees taken from the disputed strip, but as the evidence leaves no doubt that at that time it had already acquired title by holding and occupying the land adversely for more than the statutory period, and also that the deed to Mrs. Morris was champertous, the mere fact that it paid for the trees was not such a recognition of title in her as to defeat the title already acquired, but was evidence to be considered in determining whether the prior possession of the company was in fact adverse. Walling v. Eggers, 104 S. W. 360; Murphy v. Roney, 82 S. W. 396, 2 C. J. 102, and was not sufficient to overcome the clear showing made on that question.

Judgment affirmed.