### Peters v. Hendricks, et al.

(Decided October 9, 1928.)

### Appeal from Marshall Circuit Court.

1. Boundaries.—Fence having been maintained as division line between parties and their respective vendors for more than 15 years, it will be treated as division line of lands, even though it might not be true line originally dividing lands.

2. Trespass.—Where fence had been maintained as division line between lands for more than 15 years, defendant's act in destroying part of fence and in crossing line and cutting timber constituted trespass, which court properly enjoined.

3. Champerty and Maintenance.—If deed to defendant covered land in controversy along boundary on which defendant cut timber, it was void to that extent, under Ky. Stats., sec. 210, where land was

in actual adverse possession of plaintiffs up to division fence at time deed was made.

E. L. COOPER for appellant.

JOHN G. LOVETT for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This appeal presents a controversy between adjoining landowners involving a small strip of land paralleling a division fence. Both farms border on the Tennessee river. Appellant, O. E. Peters, acquired his land on November 7, 1925; whilst the appellees had previously, on September 26, 1911, acquired the adjoining farm. Part of the boundary line between the farms is a lane, which has been used for many years, and the remainder of the line extends from the lane to the river bank at an elm. A woven wire fence extends from a white oak tree at the end of the lane to a forked elm tree under the river bank. The fence does not connect with the elm tree on the river bank, but is a few feet from it. This fence has been maintained between the two farms for more than 15 years. Shortly before this litigation started, Peters began tearing down the fence and cutting timber from a portion of the land that is wooded, which resulted in this suit for an injunction. The circuit court granted the injunction and held that the wire fence constituted the dividing line between the parties. Peters prosecutes an appeal, insisting that he owns the land on which the fence rests and on which the timber was cut.

The evidence is in conflict as to the true location of the boundary line called for by the deeds in both chains of title. In view of the conflicting evidence and the finding of the chancellor thereon, we would not be authorized to disturb the judgment fixing the location of the line called for by the muniments of title; but, the old fence having been maintained as a division line between the parties and their respective vendors for more than 15 years, it is now too late to change the situation, even if it was clear that the location of the fence originally was not on the line described in the deeds.

In Hay v. Pierce, 144 Ky. 768, 139 S. W. 941, this court held that, where a fence had been recognized by the parties as a division line between their lands, each holding, claiming, cultivating, and controlling the land up to the fence on his side for more than 15 years, the fence would be treated as the division line of the farms, even though it might not, in fact, be the true line origi-

nally dividing the land. In that case it was pointed out that the recognition of a fence as a division line under the circumstances similar to those shown in this record is conclusive on both parties, and, even though a mistake may have been made in the location of a fence, it is too late, after a lapse of 15 years or more, to relocate it. The principle of the decision has been applied so consistently and with such frequency that the question may be considered as settled. Grider v. Davenport, 60 S. W. 866, 22 Ky. Law Rep. 1455; Robards v. Rogers, 48 S. W. 154, 20 Ky. Law Rep. 1017; Mosley v. Eversole, 148 Ky. 685, 147 S. W. 426; Garvin v. Threlkeld, 173 Ky. 262, 190 S. W. 1092; Deskins v. Williams, 145 Ky. 355, 140 S. W. 546; Abrams v. Wild (Ky.) 120 S. W. 357; Hocker v. Keeton (Ky.) 115 S. W. 784; Turner v. Dixon, 106 S. W. 814, 32 Ky. Law Rep. 621; Fields v. Sizemore, 105 S. W. 438, 32 Ky. Law Rep. 237; Lost Creek Coal Co. v. Napier, 89 S. W. 264, 28 Ky. Law Rep. 369; Crutchlow v. Beatty, 23 S. W. 960, 15 Ky. Law Rep. 464; Standifer v. Combs, 184 Ky. 708, 212 S. W. 921; Woodford v. Clay, 107 S. W. 269, 32 Ky. Law Rep. 922; Nelson v. Alford (Ky.) 117 S. W. 250; Atwood v. Wheat (Ky.) 127 S. W. 511.

It appears that appellant's predecessors in title made no claim beyond the division fence, but accepted it as the boundary line, and acquiesced in its maintenance, and respected its location for more than 15 years. Under such circumstances appellant had no power to disturb the boundary line, and his acts in destroying a part of the fence and crossing the line and cutting timber constituted a trespass which the circuit court properly enjoined.

Argument is advanced by both parties respecting the operation of the champerty statute against appellant, but, in view of the conclusion we have reached on the facts, it is unnecessary to discuss that subject. Whilst it is not clear that the deed to appellant covers the land in controversy, yet, if it did so, it would be void to that extent, because the land was in the actual adverse possession of the appellees up to the division fence at the time that deed was made. Section 210 Ky. Stats.; Begley v. Erasmie, 205 Ky. 240, 265 S. W. 833; Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667.

Our examination of the record convinces us that the circuit court rightly disposed of this litigation, and its judgment will not be disturbed.

Judgment affirmed.