## Stephens v. Justice.

(Decided October 26, 1928.)

### Appeal from Boyd Circuit Court.

1. Champerty and Maintenance.—Where grantee went into possession under deed and continued in possession of property up to rail fence, deed to adjoining property in.so far as it attempted to cover portion of land on the side of the fence occupied by the first grantee was champertous.

DINKLE & DINKLE for appellant.

E. POE HARRIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Thomas Stephens sued James Justice to recover of
him two small strips of land. He was unsuccessful and
he has appealed.

Stephens had two sons-in-law, Joshua Damron and
James Justice. In 1888 he conveyed to Damron a por-
tion of his land by a very imperfect and unsatisfactory
description. The next to the last line in that description
is thus described:

> "Thence up the hill in a northern course with
> the old road to Stephens' and Brown's line to a black
> oak with the top broken out."

In 1913, he conveyed some of his land to Justice by
a description equally unsatisfactory. This land was
merely described by giving the names of the adjoining
landowners, and the west line of the Justice tract was
described as bounded by "Joshua Damron's land."
These two tracts of land were then, and had been for
more than a quarter of a century divided by a rail fence,
and Justice went into possession and thereafter contin-
ued in possession of the property on the east side of and
up to this rail fence. Damron, in his evidence, admits
that, but says that it was agreed that the road should
be kept open, that the line was to be where the road was,
and that the fence was built where it was in order to
get it straight, and thus save rails. A large part of this
record is devoted to an effort to locate this road. If we
had to decide that question, we would have to say that
there is no satisfactory evidence by which to locate it at
all; but, as we have said, Stephens went into possession
of this land up to this fence, and he continued in such
possession and had such possession when, in 1914,
Thomas Stephens by a deed from Joshua Damron and
wife acquired his rights in the premises, hence so much
of that deed as may have covered any portion of the land
on the east of or Justice's side of this rail fence was
champertous. See Crider v. Kentenia-Catron Corp., 214
Ky. 353, 283 S. W. 117; Cherry Bros. v. Tenn. Central
R. Co., 222 Ky. 79, 299 S. W. 1099.

The judgment is affirmed.