# Cornillaud v. Fisher.

(Decided February 19, 1929.)

WHEELER & HUGHES for appellant.

EDGAR T. WASHBURN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by Lottie J. Fisher against Bertie Cornillaud to recover about 18 inches of ground in the city of Paducah, plaintiff was successful, and defendant has appealed.

The facts are these: On March 30, 1905, T. H. Bridges purchased from George C. Wallace lots No. 20 and No. 21 in block 4 of Fountain Park addition to the city of Paducah. Shortly after his purchase, Bridges subdivided the two lots into three lots and built a house

on the center lot. At the same time he inclosed the center lot with a line fence on each side. On August 29, 1905, Bridges conveyed to M. E. Staten one of the side lots. On January 2, 1906, he conveyed to Charles Rutter the other side lot. The title to this lot afterwards passed to appellant. On December 30, 1908, Bridges conveyed the center lot to Lottie J. Fisher. The property was described as being all of lot No. 21 in block 4 in the Fountain Park addition of the city of Paducah, except that part theretofore conveyed to M. E. Staten, and that part theretofore conveyed to Charles Rutter. As a matter of fact, the lot conveyed to appellee embraced portions of lot No. 20 as well as lot No. 21, and, for the purpose of correcting the mistake in the original deed, Bridges on November 18, 1927, executed a deed in which the property conveyed was described as being all of lots 20 and 21 in block 4, etc., except the parts theretofore conveyed to Staten and Rutter. At the time of the original purchase by appellee in the year 1908, the wooden fence theretofore constructed by Bridges stood between the Bridges lot and the Cornillaud lot. Afterwards a hedge fence was substituted for the wooden fence, and this continued as the dividing line between the two lots until removed shortly before this action was brought. Appellee deposed that immediately upon her purchase in 1908 she took possession of the property up to the division fence, and has claimed the same ever since.

As the evidence shows that the strip of land in controversy is covered by appellant's deed and not by appellee's deed, the only question for decision is whether appellee had acquired title by adverse possession before she was dispossessed of the land. Relying upon the rule that the intention with which one enters upon land is an important factor in determining whether his subsequent possession was adverse, appellant insists that under the facts of this case appellee entered merely for the purpose of taking possession to the extent of her deeded boundary, and that her subsequent holding was amicable. It must not be overlooked that under the law of this state color of title is not essential to title by adverse possession. On the contrary, one who, without color of title, enters on land having well-defined boundaries, and occupies and claims the whole, or occupies a part claiming the whole, acquires possession coextensive with the boundaries, unless some part of the boundary is in the actual possession of another, or the boundary conflicts with an-

other which is older or superior, and the owner of the latter has entered on his boundary. New Domain Oil & Gas Co. v. Gaffney Oil Co., 134 Ky. 792, 121 S. W. 699. As a consequence of this rule, one who enters upon land outside his patent boundary and occupies it and claims it as his own continuously, openly, and notoriously, for a period of 15 years to a well-defined boundary, acquires title by adverse possession, even though he did not enter under color of title. Kentucky Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., 154 Ky. 523, 157 S. W. 1109. Of course, the intention with which the adverse claimant enters is an important factor, and where it is made to appear that he disclaimed title in himself, or by words or acts recognized and acknowledged the title of the true owner, his possession, though actual and continuous, cannot be regarded as adverse. Haffendorfer v. Gault, 84 Ky. 124. There is no more effective way of defining a boundary than by a division fence between two adjoining landowners. When appellee entered, the division fence was there. She claimed and asserted ownership up to the fence for a period of more than 15 years. Her subsequent acceptance of the deed of correction is not sufficient to show that her holding of the land in controversy was amicable. The only other circumstance which may be relied on to show that appellee's holding was not adverse is the fact that early in the year 1927 an engineer who had been employed for that purpose placed a stake on the true dividing line and found there another stake, but did not know how long it had been there. It does not appear that appellee was a party to his employment, or that she consented to be bound by his action, or that she acquiesced in what he had done. On the contrary, appellee never disclaimed title, or in any way recognized the title of appellant. In the circumstances, her holding was adverse, and the trial court did not err in adjudging her the owner of the ground in dispute.

Judgment affirmed.