## Howind v. Scheben.

(Decided February 18, 1930.)

140

WM. H. NEWELL and DUNCAN BRADFORD for appellaut.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is a controversy between adjoining landowners concerning the ownership of a small triangular piece of land. It arises in this way: Louisa Howind instituted an action against Joseph Scheben to recover damages for the destruction of eleven trees that stood on the ground in controversy. Three defenses were interposed by the defendant, but only one of them, that of adverse possession, was submitted to the jury. The jury found a verdict for the defendant and the plaintiff was denied a new trial. She has prosecuted this appeal, insisting that there was no proof of adverse possession, in the absence of which it was error to submit that issue to the jury. It is admitted that appellant's title papers cover the land in dispute, and that the description in the deed to appellee does not include it. But those facts alone are not conclusive. Cornillaud v. Fisher, 228 Ky. 104, 14 S. W. (2d) 382. There was testimony to the effect that the triangle where the trees stood was inclosed by a fence, and in the actual adverse possession of Scheben and his predecessors in title for more than 40 years. Indeed, it is apparent from all the evidence that when the appellant acquired her property the fence was around the triangular strip, and it was then in the adverse possession of

Scheben's predecessor in title. The deed to appellant, in so far as it included land adversely held, was void. Ky. Stats. Sec. 210; Begley v. Erasmie, 205 Ky. 240, 265 S. W. 833; Watson v. Wilson, 150 Ky. 27, 149 S. W. 1120; LeMoyne v. Litton, 159 Ky. 652, 167 S. W. 912; Stephens v. Justice, 226 Ky. 45, 10 S. W. (2d) 465. It is argued for appellant that the possession manifested by the inclosure and use of the land as a part of the adjoining pasture now owned by Scheben was amicable and not adverse to the extent the description in the deed to Scheben did not embrace it. But the failure of the description in the deed to follow the line of the inclosure does not militate against the claim of adverse possession, or make the exclusive possession permissive. Walling v. Eggers, 104 S. W. 360, 31 Ky. Law Rep. 1009; Robertson v. C. & O. Ry. Co., 213 Ky. 1, 280 S. W. 452; Peters v. Hendricks, 225 Ky. 722, 9 S. W. (2d) 1076. One who enters upon and incloses land beyond the description contained in his deed takes adverse possession of the inclosed boundary, and it is not necessary that such possession should be held under color of title to render it transferable. Cornillaud v. Fisher, supra; H. B. Jones Coal Co. v. Mays, 225 Ky. 365, 8 S. W. (2d) 626.

The testimony shows that the fence now maintained has been there for more than 15 years, and that it replaced a rail fence maintained on substantially the same location for forty years. The transfer of possession of a strip of land occupied by the grantor, although without title, which is inclosed with and used as part of the land described in the deed, is not affected by its omission from the description in the deed. In such cases the possession of the grantor and that of the grantee is continuous, and there is such privity of contract between them that the period of possession by each must be added in ascertaining the total period of adverse possession. Wishart v. McKnight, 178 Mass. 356, 59 N. E. 1028, 86 Am. St. Rep. 486; H. B. Jones Coal Co. v. Mays, 225 Ky. 365, 8 S. W. (2d) 626; 2 C. J. p. 82, Sec. 66. The wire fence now inclosing the premises was built to replace a rail fence which had decayed, but the present fence was built more than 18 years before the action was commenced. It is clear that the case was one for the determination of a jury, and it was submitted to that tribunal by an instruction offered by the appellant. The verdict of a properly

instructed jury fully supported by the evidence is conclusive upon appeal. U. S. National Bank v. Moore, 209 Ky. 355, 272 S. W. 899; Tandy v. Farmers' Deposit Bank, 207 Ky. 538, 269 S. W. 718; Security Finance Co. v. A. L. Cook & Son, 223 Ky. 124, 3 S. W. (2d) 187; Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239.

The judgment is affirmed.