## Marley v. Baumer et al.

(Decided Oct. 17, 1933.)

BEN S. ADAMS for appellant.

E. A. PURYEAR and HOLLAND G. BRYAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on original appeal and reversing on cross-appeal.

This appeal challenges the correctness of the judgment of the chancellor fixing the dividing line between the land of appellant and the land of appellees.

Appellant and appellees are adjoining landowners, and claim title from a common source. Appellant asserted title of record, and appellees, in addition to denying his title, asserted title of record and by adverse possession. They also interposed a plea of champerty.

In view of our conclusion it is unnecessary to review the evidence, or to determine the proper location of the dividing line according to the deeds, or to decide whether appellees acquired title by adverse possession. Appellant's land was conveyed to him by two deeds, one dated October 16, 1918, and the other dated August

26, 1920. At that time there was a division fence between the two tracts of land, and not only is the evidence undisputed that appellees claimed title to and actually cultivated the disputed land up to the division fence, but appellant himself in answer to the question, "Who had possession of the land on the west side of the fence in controversy at the time you bought it?" said, "Mr. Baumer had possession of the ground under dispute." In the circumstances it cannot be doubted that appellees were in the actual adverse possession of the land in dispute at the time appellant acquired title, and that the deeds to him were champertous, and therefore void to that extent. Kentucky Statutes, sec. 210; Stephens v. Justice, 226 Ky. 45, 10 S. W. (2d) 465; Pioneer Coal Co. v. Asher, 226 Ky. 488, 11 S. W. (2d) 116.

On motion of appellees the order of submission was set aside, and they were granted a cross-appeal. In their answer and counter-claim they asked that appellant be enjoined from trespassing on the land in dispute. By its judgment the court merely fixed the dividing line between the parties. The judgment should have gone further and have adjudged appellees the owners of the land up to the dividing line as fixed by the court, and have enjoined appellant from trespassing thereon.

Wherefore, the judgment is affirmed on the original appeal, and reversed on the cross-appeal, with directions to enter judgment in conformity with this opinion.