## Tyree et al. v. Lucas et al.

June 23, 1939.

E. D. Stephenson, Special Judge.

626

Hawk & Lewis for appellants.

John D. W. Collins and H. L. Moore for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Eli Lucas and Polly Lucas, husband and wife, instituted this equitable action against Alex Tyree alleging that they are the owners and entitled to possession of a tract of land described in the petition which as appears is what is known as the C. V. Brown tract containing 27 acres and shown on a plat of T. A. Dixon filed as an exhibit in evidence; that the defendant without right or authority had gone on the land, cut and removed timber therefrom and unlawfully attempted to take possession thereof. They sought judgment for damages for the cutting and removing of the timber; that their title to the land be quieted and that defendant be enjoined from cutting or removing timber from the land.

By answer and counterclaim, Alex Tyree and four other children of his deceased father, H. G. Tyree, and Garfield Hampton, a son of their deceased sister, in a first paragraph denied the material allegations of the petition and in a second paragraph alleged that they are the owners in fee simple and in the actual possession of a tract of land described in their pleading which embraces all the land set out and described in plaintiff's petition; that their grandfather, Wm. J. Tyree, by warranty deed, conveyed such tract to their father, H. G. Tyree, sometimes known as Garfield Tyree, and placed the latter in actual possession of the land; that H. G. Tyree had the actual possession of the land, lived on, cultivated and used same until his death in February, 1906, and since his death his widow and the answering defendants had at all times been in the actual possession of the whole tract of land under the deed and had been in the actual, open, continuous, adverse possession of same for more than twenty years; that the deed from Wm. J. Tyree to H. G. Tyree was destroyed when a house standing on the land burned and had never been put to record. In a third paragraph they set out the various deeds under which plaintiffs were claiming title

and alleged that at the time when each of the deeds was executed the defendants were in the actual, adverse possession of all the land described in the answer including the lands described in such deeds and that by reason thereof, the deeds under which plaintiffs claimed title were champertous, null, void and passed no title to plaintiffs. They pleaded and relied on Section 210, Kentucky Statutes, as a complete bar and defense to plaintiffs' alleged cause of action. In a fourth paragraph they alleged that plaintiffs had recently entered upon a small part of the land referred to and had inclosed same by fence and made claim to same and committed acts casting a cloud upon the title of defendants. They prayed that the petition as amended be dismissed and that they be adjudged the joint owners of the land described in the pleading and their title thereto quieted against plaintiffs and all other persons claiming through or under plaintiffs. A traverse of the affirmative allegations of the pleadings completed the issues.

On final hearing it was adjudged that defendants did not show title to any part of the land described in their counterclaim by deed or by adverse possession and that if Wm. J. Tyree made a deed to H. G. Tyree same was never delivered and was ineffective to pass title to him; that Alex Tyree was in adverse possession of the house, barn and inclosures thereabouts and used by him at the date of the deed from David Eddington to plaintiffs; that the deed insofar as it covered such premises and inclosures about the house and barn occupied by Alex Tyree was champertous and void and did not pass title to plaintiffs; that plaintiffs are the owners of the tract of land described in their petition except the inclosed part occupied by Alex Tyree around the house and barn and the petition as to that part of the land be dismissed without prejudice for the reason that the deed to that extent was champertous and void; that defendants' counterclaim be dismissed and that each party pay their own costs. Defendants are appealing.

On behalf of appellants it is argued (1) that the deeds under which appellees claim are champertous and void in toto; (2) that the court erred in confining their plea of champerty, etc., to the actual inclosure on the land; that Alex Tyree for and on behalf of the other heirs of his father was in possession to the full extent of the boundary set up in the counterclaim and that the court erred in dismissing the counterclaim.

Alex Tyree and some of his brothers testified that many years ago their grandfather conveyed to their father the tract of land described in the answer and counterclaim but that the deed was burned in a fire that destroyed their grandfather's house; that the deed was kept in a trunk and that they had read it at different times. Alex Tyree did not remember much about the deed except its rather complicated description of the land. His sister, Mary Jane Collins, who lived in the house when it burned, testified that she and others examined all the papers in the trunk referred to by appellant and that it did not contain a deed from Wm. J. Tyree to H. G. Tyree and that the trunk in fact was not destroyed in the fire but was carried out of the house. She claimed that her father conveyed to her a forty-eight acre tract shown on the plat filed in evidence and adjoining the tract described in the petition and there is evidence that Wm. J. Tyree conveyed the tract described in the petition to C. V. Brown in March, 1926; and appellants are claiming as remote vendees of Brown. The evidence for and of appellants is to the effect that Alex Tyree and his brothers and sisters and their deceased father and mother had been in adverse possession of the land in controversy and which it is claimed was conveyed by their grandfather to their father for more than fifteen years, claiming and cultivating it to well marked and well defined boundaries; that their possession and claim of ownership was known to appellees and to others under whom they claim when they accepted deeds; however, there is much evidence to the contrary and to the effect that Alex Tyree and others recognized the right and title of appellees and those under whom they claim; that Alex Tyree held and used portions of the land under an agreement and understanding with appellees or their immediate and remote grantors.

Without going into further detail it is sufficient to say there is a sharp conflict in evidence on all issues made by pleading and that if the chancellor's finding is not in accord with the preponderance of the evidence, the evidence, to say the least, is about equiponderant. It is a fixed rule that where the evidence is conflicting and on the whole the mind is left in such doubt that it cannot be said with reasonable certainty that the chancellor erred, his findings on questions of fact should not be disturbed. Kenton v. Owens, 228 Ky. 522, 15 S. W. (2d) 487; Lewis v. Williams, 192 Ky. 763, 234 S. W.

317. Manifestly this case calls for the application of that rule and is a demonstration of the wisdom and the sound reasons underlying it. It is therefore apparent that we would not be justified in disturbing the chancellor's finding that appellants failed to establish title either by deed or by adverse possession to the lands described in appellees' petition.

There is evidence to sustain the chancellor's finding that Alex Tyree was in adverse possession of the house, barn and inclosures thereabouts occupied by him at the time appellees took deed to the land in controversy. In Begley v. Erasmie, 205 Ky. 240, 265 S. W. 833, 834, the opinion of the court after quoting Section 210, Kentucky Statutes, relating to champertous conveyances said:

> "It is not necessary for appellee to establish that she had a deed to the land. It is sufficient if she was in fact in possession of the land, claiming it adversely to all the world, and claiming that she had a deed to it."

While appellees are making an attack upon the correctness of that part of the judgment, it is unnecessary for us to determine whether that part of the judgment holding the deed of appellees to be champertous in the particulars indicated is in accord with the weight of the evidence, since appellees have not prosecuted a cross-appeal and are therefore not in a position to raise the question.

In conclusion we might add that appellants, as indicated by their evidence, meant by their pleadings to set up claim to both the C. V. Brown and the Mary J. Collins tract as shown on the plat filed in evidence but the question of title or right of possession to the Collins tract is not involved since appellees are only asserting claim to the Brown tract.

Judgment affirmed.